# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DENLEY ANN BISHOP, ET AL. | § | |
| | § | Civil Action No. 4:17-CV-886 |
| v. | § | (Judge Mazzant/Judge Nowak) |
| | § | |
| JENNIFER WARE, ET AL. | § | |
| | § | |

## MEMORANDUM ADOPTING REPORT AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On January 16, 2019, the report of the Magistrate Judge (Dkt. #31) was entered containing proposed findings of fact and recommendations that Plaintiffs Denley Ann Bishop and Shane Franklin Bishop's claims for injunctive relief be dismissed for lack of subject matter jurisdiction, and claims for monetary relief be dismissed as barred by absolute immunity. Having received the report and recommendation of the Magistrate Judge, having considered Plaintiffs' objections (Dkt. #40), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the report as the findings and conclusion of the Court.

## RELEVANT BACKGROUND

The underlying facts are set out in further detail by the Magistrate Judge and need not be repeated here in their entirety. Accordingly, the Court sets forth only those facts pertinent to the filed objections. On May 25, 2018, Plaintiffs filed their fourth Amended Complaint, the live pleading in this matter, naming Jennifer Ware, Spencer Brown, Angela Buckles and Veronica Tackett as Defendants. Plaintiffs allege that:

On December 22, 2016 Jennifer Ware made the comment that my children were removed from me due to bible verse at the CPS office in Cooke County, Texas. This officer made the comment that this was the only reason that the children were removed. Matter of a fact, the mother Denley Ann Bishop asked her why would she remove her children if there was no reason and there was no failure to protect since the children and her left the home and went to a women's shelter. She said "Ms. Bishop if you really have to know why we are removing your children it is because you said All women have to stay married according to the bible.". . . .So the worker went on to explain that our kind just stay married so she has to take my children now. So, the mother agreed to sign a paper that she would not return to her husband and the worker said no because if you leave now we will never be able to get you. . . .at the advisory hearing the mother's friend from Church heard the worker make a comment after the hearing, "We got a Victory we finally got their kids." This was not a proper comment since the mother has never lived in Texas and neither have her children since they are residents of Oklahoma. And, she in no way knew how this women was on a mission to take her kids she has never met them ever before. . . .The main offense was that the Judge in Oklahoma was never notified and neither was the Oklahoma Child Protection Worker who had an open investigation at that time and did not give this worker permission to have this case. And, the Judge in Oklahoma said he was never even notified and he never gave them permission to have your children.

(Dkt. #24 at p. 2). Plaintiffs assert violations of their constitutional rights, namely their religious freedom and due process rights against "Defendant[s] (Jennifer Ware)[,] Spencer Brown, Angela Buckles,[1] and Veronica Tacket[t]" for "[v]iolation of civil rights: [u]nlawful removal of children, confinement in custody," asserting that Defendants were involved in Plaintiffs losing custody of their children (Dkt. #24 at p. 2). As relief, Plaintiffs assert that they seek injunctive relief, specifically the return of their children, and monetary damages in the amount of "$700,000 to $1,000,000 since both husband and wife have been traumatized" (Dkt. #24 at pp. 12, 15). Plaintiffs specify that they seek only injunctive relief against Defendants Jennifer Ware and Veronica Tackett. By inference, Plaintiffs request for monetary relief is against Defendant Spencer Brown.

---

[1] The Court is unable to ascertain how Defendant Buckles is related to this dispute. Because Defendant Buckles is entitled to proper notice of the claims brought against her, the Court finds that Defendant Buckles should be dismissed from this matter. *See Twombly*, 550 U.S. at 555.

On January 16, 2019, the Magistrate Judge entered a report and recommendation (Dkt. #31), recommending dismissal of Plaintiffs' claims for injunctive relief for lack of subject matter jurisdiction pursuant to the *Younger* abstention doctrine, and claims for monetary relief as barred by absolute witness immunity. On March 8, 2019, Plaintiffs filed their "Response to Report and Recommendation of United States Magistrate Judge Christy [sic] Novak [sic]" (Dkt. #40).

## OBJECTIONS

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

Plaintiffs' do not dispute the Magistrate Judge's central findings to the disposition of the instant suit: that their requests for injunctive relief are against Defendants Ware and Tackett and monetary relief against Defendant Brown, that an ongoing state matter exists, or that Brown's role in the instant dispute was to proffer testimony as a witness in court. Indeed, Plaintiffs themselves affirm in their Response that they only seek injunctive relief (the return of their children) from Defendants Ware and Tackett (Dkt. #40 at pp. 18–19) and further that "a [f]ederal case can not [sic] be filed during an ongoing state case[] There is [sic] still pending cases in Oklahoma" (Dkt. #40 at p. 6).[2] Notwithstanding such facts, Plaintiffs argue the case is properly in federal court because: (1) "[i]njunctive relief is granted to the Federal Court regarding custody of children'" (Dkt. #40 at pp. 11, 19); (2) "[a]ny violation of ICWA is reviewed in Federal Court. This matter was not addressed in the judges' [sic] recommendation for dismissal but, it is clearly relevant since the tribe has interest in this case and is requesting that this case not be dismissed"

---

[2] Notably, Plaintiffs' Motion for Continuance, filed on the same date as Plaintiffs' objections, makes several representations that the child custody proceedings are still ongoing (Dkt. #39 at p. 5 ("Since, the case is pending in state court. . . there maybe [sic] an issue that the case will have to be refiled since they [sic] Federal court can not [sic] make a ruling while the state court is still making rulings in this case.")).

(Dkt. #40 at p. 5); (3) "[t]he case is not frivolous nor does it lack an arguable basis in law if the court finds that the defendants can be held liable under individual capacity verses [sic] official capacity" (Dkt. #40 at p. 3); and (4) "[the domestic relations] exception is no longer a significant obstacle to access to the federal courts.  It is now clear that there is no domestic relations exception which defeats federal [jurisdiction]" (Dkt. #40 at p. 12).  The Court considers each of Plaintiffs' above-enumerated arguments herein.

***Entitlement to Injunctive Relief***

Plaintiffs assert that the Report mistakenly refused to exercise jurisdiction over their claims against Defendants Ware and Tackett for injunctive relief, arguing that "[i]njunctive relief is granted to the Federal Court regarding custody of children" because "'the jurisdiction of the courts of the United States to issue writs of *habeas corpus* is limited to cases of persons alleged to be restrained of their liberty in violation of the Constitution or of some law or treaty of the United States'" (Dkt. #40 at pp. 11, 19).  Plaintiffs are mistaken.  "'[T]he reach of habeas corpus' does not extend to a petitioner not challenging his holding conviction but instead 'the termination of his parental rights.'" *Montemayor v. Dallas County Child Protective Services*, 3:18-CV-3216-L-BN, 2018 WL 7118011, at *1–2 (N.D. Tex. Dec. 10, 2018), *report and recommendation adopted,* 3:18-CV-3216-L-BN, 2019 WL 318365 (N.D. Tex. Jan. 23, 2019) (quoting *Salinas v. Tex. Dep't of Family and Prot. Servs.*, No. A-11-CA-963-SS, 2012 WL 13685, at *1 (W.D. Tex. Jan. 4, 2012) ("Because Petitioner is challenging state court custody decisions, the Court is without jurisdiction to consider the habeas application"); *see also Anderson v. Anderson*, No. 4:14-cv-336-O, 2014 WL 3500151, at *1 n.1 (N.D. Tex. July 15, 2014) ("Nor may Petitioner invoke federal habeas corpus jurisdiction to challenge California state proceedings, his parental rights, child custody or the other relief he seeks in his petition.").  Plaintiffs' objection is overruled.

### ICWA Addressed

Plaintiffs also seemingly argue that the Report did not address their Indian Child Welfare Act ("ICWA"), 25 U.S.C § 1914, allegations; specifically, Plaintiffs argue that "[a]ny violation of ICWA is reviewed in Federal Court. This matter was not addressed in the judges' [sic] recommendation for dismissal but, it is clearly relevant since the tribe has interest in this case and is requesting that this case not be dismissed" (Dkt. #40 at p. 5). Plaintiffs are again mistaken. The Report noted "insofar as Plaintiffs claim the Court has jurisdiction over this matter pursuant to 25 U.S.C § 1914 of [ICWA], the Court first finds that Plaintiffs have failed to state a claim under §§ 1911, 1912, or 1913, and even if they had raised any such claim, '§ 1914 and related provisions of the ICWA do not preclude [a federal court's] consideration of abstention' under *Younger*" (Dkt. #31 at n. 4) (quoting *In re Petition of Nowlin*, 17-CV-666-TCK-JFJ, 2018 WL 840760, at *3 (N.D. Okla. Feb. 12, 2018) (citing *Morrow v. Winslow*, 94 F.3d 1386, 1394 (10th Cir. 1996))). Plaintiffs' objection is overruled.

### Official Versus Individual Capacity

Plaintiffs next object that their case should not be dismissed as frivolous because the Court could hold Defendants liable in their individual capacities, as opposed to their official capacities (Dkt. #40 at p. 3).[3] The Report found that Plaintiffs' claims for injunctive relief should be dismissed for lack of subject matter jurisdiction pursuant to the *Younger* abstention doctrine, and specifically noted that:

---

[3] Plaintiffs state in their response "the judge asked to discuss how this court can have jurisdiction. The research shows that suits against CPS are to be filed in Federal court rather than state court" (Dkt. #40 at 19). Plaintiffs have not sued CPS. Moreover, in an abundance of caution, the Report by the Magistrate Judge noted that "even if Plaintiffs intended to assert any claims against CPS, the Court finds that such claims would similarly be barred by the *Younger* abstention doctrine and/or Eleventh Amendment immunity" (Dkt. #31 at n. 5). Insofar as Plaintiffs object to this finding that Eleventh Amendment immunity does not extend to § 1983 claims based on religious discrimination, such argument is unfounded. *See Fried v. Texas Dep't of Criminal Justice*, 6:16-CV-1092-KNM, 2017 WL 5639947, at *2 (E.D. Tex. Apr. 25, 2017).

> Three conditions must be met for the doctrine to apply: (1) the dispute must involve an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges.
>
> ***
>
> Plaintiffs seek injunctive relief to have their children returned to them and for their ongoing child custody proceedings to be transferred back to Oklahoma from Texas.
>
> ***
>
> Family law and child custody matters implicate important state interests.
>
> ***
>
> Plaintiffs have not alleged any facts showing that they were barred from raising their constitutional concerns in the state court proceedings. The fact that they have been unsuccessful in transferring venue in their child custody case does not mean that they have not had an adequate opportunity to raise their constitutional challenges. Furthermore, to the extent they believe they will not receive a fair trial in Cooke County, they have an adequate remedy at law because they may raise their constitutional concerns on direct appeal.

(Dkt. #31 at pp. 6–9) (internal citations and quotation marks omitted). Whether Plaintiffs sued Defendants Ware and Tackett in their official and/or individual capacities does not alter the result that Plaintiffs' claims for injunctive relief are barred by the *Younger* abstention doctrine.

Further, the Report found that Plaintiffs' claims for monetary relief should be dismissed as barred by absolute witness immunity, finding specifically:

> Plaintiffs' claims against Spencer Brown involve purported testimony he provided (and/or omitted) in a hearing during Plaintiffs' child custody proceedings. . . ."As the Supreme Court has repeatedly made clear, in the § 1983 context, 'a trial witness has absolute immunity with respect to *any* claim based on the witness'[s] testimony.'". . . .The Court finds that to the extent Plaintiff's claims are based upon Mr. Brown's testimony at a court hearing related to the underlying custody matter in Oklahoma state court Defendant Brown is entitled to absolute witness immunity against Plaintiffs' § 1983 claims against Brown for testifying. . . Plaintiffs are not entitled to monetary relief under § 1983 against Spencer Brown for his testimony in a state court proceeding.

(Dkt. #31 at pp. 10–11). Whether Plaintiffs sued Defendant Brown in his official and/or individual capacity does not alter the result that their claims for monetary relief are barred by absolute immunity. *See Briscoe v. LaHue*, 460 U.S. 325 (1983). Plaintiffs' objection is overruled.

### Domestic Relations Exception

Plaintiffs contend that "although lawyers litigating these cases in federal courts have had to contend with the domestic relations exception in their brief, the exception is no longer a significant obstacle to access to the federal courts. It is now clear that there is no domestic relations exception which defeats federal [jurisdiction]" (Dkt. #40 at p. 12). "It is long established that domestic relations are the province of the state courts." *Rodock*, 2017 WL 6012606, at *1 (citing *Ex Parte Burrus*, 10 S.Ct. 850, 853–54 (1890)). "Thus the domestic relations exception bars federal courts from issuing or modifying a decree for divorce, alimony, or child custody." *Id*. (citing *Saloom v. Texas Dep't of Family and Child Protective Svcs.*, 578 F. App'x 426, 429–30 (5th Cir. 2014) (citing *Ankenbrandt v. Richards*, 112 S.Ct. 2206 (1992))). "However, '[t]he domestic relations exception obtains from the diversity jurisdiction statute, 28 U.S.C. § 1332, and therefore it has no application where . . . there exists an independent basis for federal jurisdiction.'" *Id*. (quoting *United States v. Bailey*, 115 F.3d 1222, 1231 (5th Cir. 1997)). Here, Plaintiffs have averred that the Court has subject matter jurisdiction pursuant to federal question jurisdiction, not diversity jurisdiction, and therefore, the domestic relations exception is not applicable. *See Rodock*, 2017 WL 6012606, at *1. Plaintiffs' objection is overruled.

### Other Objections

As a final matter, Plaintiffs raise numerous factual allegations not previously raised before the Magistrate Judge, and even appear to fashion portions of their Response as an amended pleading (*see* Dkt. #40 at pp. 3–4 ("the state maybe [sic] liable and the individuals maybe [sic] sued in their official capacity if there are issues of inefficient training of the social workers"), ("[t]he department sedated the children instead of dealing with the problem. . . .this clearly gives reason for this court not to dismiss this claim against the department for the intentional duress that

they have inflicted"), ("the attorney Jeromy Oney and the judge Janelle Havercamp intentionally withheld evidence from the Appeals Court to divert the outcome of the case which is fraud on the court and conspiracy of the court")). "New claims and issues may not, however, be raised for the first time in objections to a Report and Recommendation." *Andrews v. United States*, 4:10-CR-152(05), 2019 WL 913873, at *1 (E.D. Tex. Feb. 22, 2019) (citing *United States v. Armstrong*, 951F.2d 626, 630 (5th Cir. 1992)); *Paup v. Texas*, 6:16-CV-417-RWS-KNM, 2017 WL 1129906, at *5 (E.D. Tex. Mar. 27, 2017). Even so, none of Plaintiffs' new allegations overcome the imposition of the *Younger* abstention doctrine and/or absolute witness immunity to Plaintiffs' claims. Plaintiffs' claims should be dismissed in their entirety.

## CONCLUSION

Having considered Plaintiffs' objections (Dkt. #40), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge's report are correct and adopts the Magistrate Judge's report (Dkt. #31) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Plaintiffs Denley Ann Bishop and Shane Franklin Bishop's claims for injunctive relief are **DISMISSED WITHOUT PREJUDICE**.

It is, further, **ORDERED** that Plaintiffs Denley Ann Bishop and Shane Franklin Bishop's claims for monetary relief are **DISMISSED WITH PREJUDICE**.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.

 **SIGNED this 20th day of March, 2019.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE